THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMISHA MACK, Appellant. (Appeal No. 1.) [832 NYS2d 709]— Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered June 2, 2005. The judgment convicted defendant, upon a jury verdict, of assault in the second degree,

criminal possession of a weapon in the fourth degree and unlaw-fully possessing noxious material.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting her following a jury trial of assault in the second degree (Penal Law § 120.05 [2]), criminal possession of a weapon in the fourth degree (§ 265.01 [2]) and unlawfully pos-sessing noxious material (§ 270.05 [2]). We reject defendant's contention that the verdict is against the weight of the evi-dence. Defendant testified at trial that she acted in self-defense, while the complainant testified that defendant was the aggres-sor. The complainant's testimony was corroborated by a passerby who observed part of the incident. It was for the jury to weigh the credibility of the witnesses, and it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In view of our determination in appeal No. 1, we reject the contention of defendant in appeal No. 2 that we should vacate her plea of guilty pursuant to *People v Rogers* (48 NY2d 167, 175 [1979]).

Contrary to defendant's further contention in appeal No. 2, "[t]he facts and circumstances surrounding defendant's plea colloquy establish that the waiver of the right to appeal is val-id" (*People v Nichols*, 32 AD3d 1316, 1317 [2006]; *see People v Lopez*, 6 NY3d 248, 256 [2006]). Despite defendant's waiver of the right to appeal in appeal No. 2, we are not foreclosed from reviewing defendant's challenge to the severity of the sentence imposed because County Court did not advise defendant of the potential periods of incarceration before she waived her right to appeal (*see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Trisvan*, 8 AD3d 1067 [2004], *lv denied* 3 NY3d 682 [2004]; *People v Webb*, 299 AD2d 955 [2002], *lv denied* 99 NY2d 565 [2002]). In addition, defendant challenges the severity of the sentence imposed in appeal No. 1. We conclude that the sentence in each appeal is not unduly harsh or severe.

We have considered the contentions raised by defendant in her pro se supplemental "brief," and we conclude that they ei-ther are without merit or cannot be addressed on direct appeal because they are based on matters outside the record (*see e.g. People v Smith*, 32 AD3d 1291 [2006]; *People v Leno*, 21 AD3d 1399 [2005], *lv denied* 5 NY3d 883 [2005]). Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.